IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. TOOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:17cv495-WKW |
| ) | [WO] |
| JAY JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, a prison inmate, filed this complaint on July 21, 2017.[1] The court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted answers and written reports, which contained relevant evidentiary materials refuting the allegations in the complaint. Docs. 25 & 26. Upon review of these reports, the court issued an order on December 12, 2017 directing Plaintiff to file a response to Defendants' answers and written reports. Doc. 27. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 27 at 1. The order "specifically cautioned [Plaintiff] that if he fail[ed] to file a response in compliance with the directives of this order," the court would recommend dismissal of this civil action. Doc. 27 at 1.

---

[1] Plaintiff's complaint alleges cruel and unusual punishment resulting from nutritionally inadequate meals provided at the Lee County Detention Center, where he was incarcerated at the time he filed his complaint. Plaintiff names as defendants Sheriff Jay Jones and United States Marshal Robert Green.

The time allotted to Plaintiff for filing a response in compliance with the directives of the court's December 12, 2017 order expired on January 4, 2018. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. Plaintiff's inaction in the face of Defendants' reports and evidentiary materials refuting his claims suggests that he does not seek to proceed with this case. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives to the courts the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)

("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further ORDERED that **on or before May 21, 2018**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 7th day of May, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE